# No. 24-4427

## IN THE UNITED STATES COURT OF APPEAL
## FOR THE NINTH CIRCUIT

_____

KIMBERLY LONG,
*Plaintiff-Appellee,*

vs.

THOMAS WEEKS, RONALD ANDERSON, DANIEL BLOOMFIELD, ROBERT NEWMAN, AND DANIEL VERDUGO
*Defendants/Appellants.*

_____

On Appeal from the United States District Court for the
Central District of California
Case No. 5:21-cv-02008-FWS-E
Judge: Hon. Fred W. Slaughter

_____

## APPELLANTS' MOTION TO ASSIGN "COMEBACK APPEAL" TO PRIOR PANEL

_____

Lee H. Roistacher, Esq.
(SBN 179619)
Mitchell D. Dean, Esq.
(SBN 128926)
Dean Gazzo Roistacher LLP
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Tel.: (858) 380-4683
Fax: (858) 492-0486
E-mail: lroistacher@deangazzo.com
         mdean@deangazzo.com

John D. Higginbotham (SBN 204179)
Neil D. Okazaki (SBN 201367)
Dean Derleth, City Attorney
City Attorney's Office
City of Corona
400 S. Vicentia Ave., 3rd Floor
Corona, CA 92882
Tel: (951) 279-3506
E-mail: john.higginbotham@coronaca.gov
         neil.okazaki@coronaca.gov

1

## INTRODUCTION

Appellants Thomas Weeks, Ronald Anderson, Daniel Bloomfield, Robert Newman, and Daniel Verdugo move under Federal Rule of Appellate Procedure 27, Circuit Rule 27-1 and General Order 3.6.d to assign this "comeback appeal" to the original panel (Rawlinson, Lee and Bress, CJs.) deciding a prior appeal in this case, *Long v. Weeks, et al.*, Case No. No. 23-55004 (filed April 18, 2024, Doc. 48-1) ("prior appeal"). Respondent Kimberly Long opposes this motion.

## AUTHORITY

When a "new appeal" is filed "following a remand or other decision by an argument panel," General Order 3.6.d permits moving for assignment to the prior panel. *See also* Cir. Rules, Court Structure and Procedures § E(4), at xviii (recognizing "exception to the rule of random assignment of cases to panels" for "comeback appeals").

## ARGUMENT

In the prior appeal, this Court reviewed the district court's denial of appellants'[1] qualified immunity-based motions to dismiss Long's four 42 U.S.C. § 1983 claims for failure to collect or preserve evidence, fabrication of evidence, suppression of evidence, failure to intervene in the violation of Long's constitutional rights, conspiracy, and malicious prosecution. Appellants argued the district court erred by not conducting an individualized analysis, *see Cunningham v. Gates*, 229 F.3d 1271, 1287 (9th Cir. 2000), and that Long failed to plausibly allege violations of her constitutional rights under clearly established law existing in 2003. *See Wood v. Moss*, 572 U.S. 744, 757 (2014) (stating qualified immunity's two prong test).

This Court found appellants were entitled to qualified immunity on Long's § 1983 conspiracy claim, vacated the remainder of this Court's order denying the motions to

---

[1] Prior appellant Jeffrey Glenn has been dismissed from the case.

3

dismiss and remanded to the district court to conduct an "individualized assessment" of Long's remaining § 1983 claims. Doc. 48-1.

On remand, on July 17, 2024, the district court granted in part and denied in part appellants' motion to dismiss.

The district court found Long plausibly alleged constitutional violations under clearly established law for her failure to collect or preserve evidence, fabrication of evidence, suppression of evidence, failure to intervene and malicious prosecution claims. *Long v. Weeks*, No. 5:21-cv-02008-FWS-E, 2024 U.S. Dist. LEXIS 126303, at *14-42 (C.D. Cal. July 17, 2024). Regarding the failure to intervene claim, the district court found the law clearly established but found Long failed to plausibly allege a constitutional violation. *Id.* at *42-44. This appeal followed.

The overarching issue in this appeal is the same as the prior appeal; that is, whether controlling precedent existed in 2003 such that it was beyond debate and settled law that the specific conduct of each appellant as alleged by Long

4

violated the constitution.  *See District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (defining "clearly established" law).

Thus, assigning this "comeback appeal" to the prior panel promotes efficiency and economy.  This appeal involves the same alleged facts and the same parties and counsel.  Most importantly, this appeal raises the same issues briefed, argued and considered by the panel in the prior appeal (though not entirely resolved).  In simple terms, the prior panel will have a "head start" in resolving this appeal because it previously "worked up" the case.

## CONCLUSION

Appellants respectfully request that this "comeback appeal" be assigned to the prior panel.

                              Respectfully Submitted,

Dated: August 6, 2024      Dean Gazzo Roistacher LLP

                        By: */s/ Lee H. Roistacher*
                              Lee H. Roistacher
                              Mitchell D. Dean
                              Attorneys for Defendants/Appellants Thomas Weeks; Ronald Anderson; Daniel Bloomfield; Robert Newman; and Daniel Verdugo

# CERTIFICATE OF SERVICE

Re:  *Kimberly Long v. Thomas Weeks, et al.*
United States Court of Appeals for the Ninth Circuit
Case No. 24-4427
USDC Case No. 5:21-cv-02008-FWS-E

I, Maria E. Kilcrease, declare:

That I am and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 440 Stevens Avenue, Suite 100, Solana Beach, California 92075 and my electronic address is mkilcrease@deangazzo.com.

On August 6, 2024, I served the following documents described as:

**APPELLANTS' MOTION TO ASSIGN "COMEBACK APPEAL" TO PRIOR PANEL**

on all interested parties in this action addressed as follows:

Steven Art
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
Tel: (312) 243-5900
E-mail: steve@loevy.com

Elizabeth Wang
Loevy & Loevy
2060 Broadway, Ste. 460
Boulder, CO 80302
Tel: (720) 328-5642
E-mail: elizabethw@loevy.com

Michael D. Seplow
Paul Hoffman
Schonbrun Seplow Harris
Hoffman & Zeldes LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Tel: (310) 396-0731
E-mail: mseplow@sshhzlaw.com
        hoffpaul@aol.com

Jan Stiglitz
Law Office of Jan Stiglitz
14462 Garden Tr.
San Diego, CA 92127
Tel: (619) 807-5890
E-mail: js@cwsl.edu

**Attorneys for Appellee**

John D. Higginbotham
Neil D. Okazaki
Dean Derleth, City Attorney
City Attorney's Office
City of Corona
400 S. Vicentia Ave., 3rd Floor
Corona, CA 92882
Tel,: (951) 279-3506
E-mail: john.higginbotham@coronaca.gov
neil.okazaki@coronaca.gov

**Attorneys for Appellants, Thomas Weeks, Ronald Anderson, Daniel Bloomfield, Robert Newman, and Daniel Verdugo**

X    BY ELECTRONIC SERVICE: On the date stated above, I served the documents described above on designated recipients via CM/ECF.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 6, 2024, at Solana Beach, California.

*Maria E. Kilcrease*
_____
Maria E. Kilcrease, declarant